# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

IN RE: COROTOMAN INC.,

        Debtor.

COROTOMAN INC.,

        Appellant,

v.                                                   CIVIL ACTION NO. 2:21-cv-00252

CHRISTIANA TRUST, et al.,

        Appellees.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Appellant's *Motion to Allow Appellant to File a Brief Out of Time* (Document 14) and the *Brief* in support of the motion (Document 15), in which the Appellant seeks leave to file a late appeal. The Court has also reviewed the *Motion of Christiana Trust, as Custodian for GSRAN-Z, LLC, to Dismiss Appeal* (Document 16) and the *Memorandum in Support of Motion of Christiana Trust, as Custodian for GSRAN-Z, LLC, to Dismiss Appeal* (Document 17), in which the Appellee seeks to dismiss the appeal based on untimeliness and mootness. Further, the Court has reviewed the Appellant's *Response to Motion to Dismiss Appeal* (Document 18) and the Appellee's subsequent *Reply to Corotoman, Inc.'s Response to Motion to Dismiss Appeal* (Document 19). For the reasons stated herein, the Court finds that the motion to dismiss should be granted, and the appeal should be dismissed as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal and the motion to dismiss stem from a proceeding in the Bankruptcy Court concluding with a *Memorandum Opinion and Order* issued on March 31, 2021. The Appellant, the Bankruptcy Estate of Corotoman, Inc., brings the underlying appeal following a decision by the Bankruptcy Court to lift an automatic stay regarding a tract of real estate that had been part of the Appellant's bankruptcy estate namely, 173-724/1000AC M/L NORTHGATE BUSINESS PARK (the "Northgate Property").

The debtor, Corotoman Inc. ("Corotoman") did not pay 2016 real property taxes on the Northgate Property and another property. On November 16, 2018, the Sheriff for Kanawha County held a tax sale for non-payment of 2016 real estate taxes on the two properties. The Appellee, Christiana Trust, submitted the highest bid and won the liens. Corotoman received notices that if it failed to redeem the taxes before the expiration of the redemption period, a tax deed would be issued to the Appellee.[1] Its statutory deadline to redeem the taxes was set to expire on March 31, 2019.

On March 29, 2019, two days before the redemption period expired, Corotoman filed a Chapter 11 bankruptcy petition. This filing triggered an automatic stay under 11 U.S.C. § 362(a), freezing any further action concerning either property. The Appellee subsequently moved the Bankruptcy Court to modify the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) and based on abandonment of the estate under 11 U.S.C. §554, to allow the issuance of the tax deeds

---

[1] As conceded by the Appellee, the Notices to Redeem were not properly delivered to all required parties with respect to the other property: 17- 36/100A M/L COAL BR APCO TR NORTHGATE BUSINESS PK (the "Association Drive Property").

2

by the clerk. At the time of that motion, as the Bankruptcy Court noted, the sole remaining act for either the Appellee or the state was for the clerk to issue a deed.

On March 31, 2021, the Bankruptcy Court issued a *Memorandum Opinion and Order* (Document 1-1) granting the Appellee's motion to lift the stay as to the Northgate Property citing the "ministerial act" of processing the tax deed.[2] The Appellant appealed the *Memorandum Opinion and Order*. However, it did not obtain a stay pending appeal. On April 21, 2021, in the absence of a stay pending appeal, the Clerk of the County Commission issued a deed to the Northgate Property to the Appellee. On April 27, 2021, the deed was recorded in Kanawha County deed book 3094 at page 747.

On October 26, 2021, the Appellant filed a *Motion to Allow Appellant to File a Brief Out of Time* (Document 14) and a *Brief* in support of the motion (Document 15) asking this Court to reverse the Bankruptcy Court's decision as to the Northgate Property. On October 27, 2021, the Appellee filed its *Motion of Christiana Trust, as Custodian for GSRAN-Z, LLC, to Dismiss Appeal* (Document 16) and *Memorandum in Support of Motion of Christiana Trust, as Custodian for GSRAN-Z, LLC, to Dismiss Appeal* (Document 17). The matter is ripe for ruling.

## DISCUSSION

While the Appellee raises two grounds in its motion to dismiss, the Court need only find that one is meritorious to grant the motion. The Court agrees with the Appellant's assertion that dismissing the appeal for failing to file a timely reply is a harsh potential remedy, particularly considering the additional facts provided by the Appellant in its *Motion to Allow Appellant to File*

---

[2] The Bankruptcy Court denied the motion with respect to the Association Drive Property, and the stay remains in effect.

3

*a Brief Out of Time* (Document 14).   In it, the Appellant has detailed several reasons for a delayed filing that were not clearly set forth in the proposed *Agreed Order for Extension of Time to File Brief* (Document 12) submitted by the parties.  Accordingly, the Court denies the motion to dismiss for untimely filing.   However, as discussed herein, because the Court finds that the appeal is moot and must be dismissed on that basis, further briefing on the merits is unwarranted.

The Appellee argues that the transfer of the Northgate Property to GSRAN-Z and subsequent recording of the deed renders the appeal moot.  It points to the foreclosure context, where an appellate court is powerless to rescind a title transfer when an order lifting the stay is issued, no stay pending appeal is obtained, and the property is subsequently sold and transferred to a creditor.  The Appellee argues that the transfer of a tax deed and subsequent recording presents analogous mootness considerations.  It argues that because the property was transferred and recorded, due to the preference for finality in the bankruptcy context, appellate courts cannot reverse the property transfer that has already concluded.  Further, the Appellee argues that because the court has no power to provide the relief sought, the appeal is moot.

The Appellant concedes that an appellate court would be powerless following a completed transfer of title after foreclosure, because an appeal of an order lifting a stay would be moot where the order appealed from was not stayed.  However, the Appellant argues that this law does not apply to transfers occurring by tax deed.  The Appellant cites the regularity with which proceedings to set aside a tax deed are conducted and the statutory remedy the West Virginia Legislature provided for such a circumstance.  If this Court agreed that the stay was improperly lifted, the Appellant argues that the Bankruptcy Estate would have a statutory right to seek to set aside the tax deed.

The Appellee responds that because the creditor acquired the property, and no statutory right to redeem remains, the Appellant's arguments are not relevant. Further, it responds that the differences drawn between a tax deed transfer and foreclosure sale are inapposite to the question of mootness. Finally, it counters that while there is a statutory right to contest a tax deed under West Virginia law, a similar right to contest a foreclosure sale exists under West Virginia common law, rendering any distinction between the types of property transfers unpersuasive.

United States district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court. *See* 28 U.S.C. § 158(a). This jurisdiction is limited, however, to the extent that a justiciable case or controversy exists between the parties. *See* U.S. Const. art. 3, §2, cl. 1. "It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) (quoting *Mills v. Green,* 159 U.S. 651, 653 (1875)). This mootness doctrine places constitutional limits on the jurisdiction of federal courts. *Brooks v. Vassar*, 426 F.3d 341, 348 (4th Cir. 2006). If a court cannot "fashion some form of meaningful relief," then an appeal is moot. *Church of Scientology,* 506 U.S. at 12. Failure to obtain a stay alone is an insufficient ground for finding mootness. *See Central States, Southeast and Southwest Areas Pension Fund v. Central Transp., Inc.,* 841 F.2d 92, 96 (4th Cir. 1988). Thus, the ultimate question is whether the court can fashion effective relief.

It is well established that following a foreclosure sale, an appeal of an order lifting an automatic stay is rendered moot where the order was not stayed, and the sale and transfer are completed. *In re March*, 988 F.2d 498, 499 (4th Cir. 1993). As other circuits have similarly

5

concluded, a court is powerless to rescind a foreclosure sale when the bankruptcy court sets aside an automatic stay under 11 U.S.C. §362(d), the debtor fails to obtain a stay pending appeal, and the property is subsequently sold. *See, e.g.*, *Oakville Development Corp. v. F.D.I.C.,* 986 F.2d 611, 613 (1st Cir. 1993); *In re Sullivan Central Plaza, I, Ltd.*, 914 F.2d 731, 733-34 (5th Cir. 1990); *In re Van Iperen*, 819 F.2d 189, 190-91 (8th Cir. 1987); *Markstein v. Massey Assoc., Ltd.*, 763 F.2d 1325, 1327 (11th Cir. 1985); *Algeran, Inc. v. Advance Ross Corp.*, 759 F.2d 1421, 1423-24 (9th Cir. 1985).

One Circuit, the Ninth, has instituted a limited exception to this general rule, holding that the appeal is not moot when the "property is sold to a creditor who is a party to the appeal, but only when the sale is subject to statutory rights of redemption." *In re Onouli-Kona Land Co.,* 846 F.2d 1170, 1171 (9th Cir. 1988). The principles of Bankruptcy's mootness, aside from the overarching Constitutional constraints, are grounded in the general preference for finality in bankruptcy proceedings. *Id.* at 1172 (internal citation omitted); *see also Miami Ctr. Ltd. Partnership v. Bank of New York*, 838 F.2d 1547, 1553-54 (11th Cir. 1988). It is through this lens that the Ninth Circuit's limited exception makes sense, because with a sale subject to statutory rights of redemption, the "sale is not truly final" and all relevant parties would be aware of the lack of finality until the redemption period concludes. *See In re Onouli-Kona Land Co.,* 846 F.2d at 1172.

The Appellant seeks to differentiate between a foreclosure sale, where an appeal is moot, and the instant case, where the transfer occurred by tax deed. While these two transactions are different, they are similar, where legally relevant, and their similarities in the bankruptcy context

6

are instructive. Further, the same principles of finality in bankruptcy apply. The differences highlighted by the Appellant do not alter this conclusion.

In both, a bankruptcy court lifts an automatic stay to allow the title transfer to move forward, no stay pending appeal is obtained, and the title to real estate is transferred. Principles of finality govern the treatment of the property in question after it has been transferred. *See In re March*, 988 F.2d at 499. The concern of the circuit courts has consistently been the impact an appeal would have if it were allowed to proceed after the subsequent title transfer was completed, not with the process of the transfer itself. *Id.; see also In re Lashley,* 825 F.2d at 364; *Algeran, Inc.*, 759 F.2d at 1423-24; *American Grain Assoc. v. Lee-Vac. Ltd*., 630 F.2d 245, 247-48 (5th Circ. 1980). Thus, it is inconsequential whether the title was transferred via a tax deed or foreclosure sale. The controlling aspect is the finalized transfer of title.

This focus on the finality of the transfer, rather than the mechanism for the transfer, is further illustrated in the Ninth Circuit's rationale for the only noted exception to the mootness rule. *In re Onouli-Kona Land Co.,* 846 F.2d at 1173. There, the exception was only established where the buyer was a creditor that was party to the appeal, and an active statutory right of redemption existed. *Id.* The Court justified it by pointing to the centrality of finality in the bankruptcy context, stating that "to the extent that a sale is subject to rights of redemption, the sale is not truly final. Within the relevant period a debtor could always redeem the property — regardless of circumstances surrounding the sale itself." *Id.* at 1171-72. Thus, this "exception" results from a distinguishable factual scenario rather than an exception to the finality standard, because a sale with a looming right of redemption is not a final sale. Here, any unconditional right of redemption has expired. Additionally, the tax deed was not only transferred but properly recorded. Thus,

the considerations of ensuring finality and reliability are strengthened. Therefore, any technical differences between a title transfer by foreclosure sale or a title transfer by tax deed are not significant in this context such that the Court should draw a meaningful difference in the treatment of their appeals.

Additionally, despite the existence of a statutory cause of action to set aside an improperly transferred tax deed in West Virginia, the mootness determination is unaltered. First, the statutory remedy under W.Va. Code §§ 11A-4-3 and 11A-4-4 is not like the right of redemption which justifies an exception to the general mootness rule. A right of redemption provides an unconditional right to make certain payments and redeem a property from purchase. Alternatively, the statutory remedy under W.Va. Code §§ 11A-4-3 and 11A-4-4 simply gives individuals a right to "institute a civil action" to set a deed aside if it was improperly obtained or if one entitled to notice was not notified. Thus, unlike the right of redemption, the plaintiff seeking to set aside a transfer under W.Va. Code §§ 11A-4-3 and 11A-4-4 carries a burden not only to pay unpaid fees, but to institute a civil action and prove the right to the statutory remedy.

Further, while the Legislature has set up that statutory remedy, the West Virginia common law provides a very similar civil remedy to set aside a foreclosure sale, adding additional support for treating the two transactions similarly in this context. Just as §§ 11A-4-3 and 11A-4-4 provide plaintiffs who believe a tax deed was improperly transferred a right to contest the transfer for three years, so too have West Virginia courts established a common law right for plaintiffs who wish to contest a foreclosure sale to institute their own civil action. *Lucas v. Fairbanks Capital Corp.*, 618 S.E.2d 488, 497-98 (W.Va. 2005); *Dennison v. Jack*, 172 W.Va. 147, 157, 304 S.E.2d 300, 310 (W.Va. 1983). The distinction is unpersuasive.

Neither party has cited, and the Court is unaware of, any precedent giving it the authority to grant the relief the Appellant seeks. Instead, the Appellant concedes that if the Court were to agree that the automatic stay should not have been lifted or that the ministerial exception was inapplicable, it would simply give the Appellant the right, under W.Va. Code §§ 11A-4-3 and 11A-4-4, to seek to set aside the tax deed. (Document 18, p. 2). This is a right provided to the Appellant, by statute, regardless of this Court's ruling. Any finding on the merits by this Court would essentially be an advisory opinion. Therefore, the Court does not reach the merits of the arguments about whether the automatic stay should have been lifted, or whether the transfer was proper. Those are questions properly left for the state court hearing an action brought pursuant to W.Va. Code §§ 11A-4-3 and 11A-4-4. Given the principles of finality and the fact that this Court has no authority to set aside the tax deed or to fashion other remedy, the appeal is moot.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Motion of Christiana Trust, as Custodian for GSRAN-Z, LLC, to Dismiss Appeal* (Document 16) be **GRANTED**, and, accordingly, that the *Motion to Allow Appellant to File a Brief Out of Time* (Document 14) be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: December 3, 2021

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA